## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

**RICHARD BOURBEAU,**
        **Plaintiff,**

        vs.        05-3210

**TERRY L. POLK, ET AL.,**
        **Defendants.**

### ORDER

      A merit review was held on the plaintiff, Richard Boureau's complaint on September 27, 2005. He is incarcerated at Western Correctional Center. He brings his lawsuit pursuant to 28 U. S. C. Section 1983. He names as defendants Terry L. Polk, Sheldon E. Kidd, Forrest J. Ashby, Phillip D. Pool, S. Redshaw, R. Zimmerman and Roger Walker.

      The plaintiff claims he was charged with a rule violation. He claims "they" didn't give him a copy of the ticket and no other due process. Further, he claims he was held in segregation illegally because he never knew what charges were brought against him. He was found guilty at the hearing. He lost six months good conduct credit. He seeks restoration of the six months good time.

      "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Prisoners "challeng[ing] the fact or duration of their confinement and seek[ing] immediate or speedier release" (such as the restoration of good time credits) must pursue their challenge under the federal habeas statute, not § 1983. *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000), *citing Preiser*, 411 U.S. at 489-90. Additionally, a suit for damages under § 1983 that challenges an underlying conviction or sentence, or challenges "actions whose unlawfulness would render a conviction or sentence invalid," does not accrue until that conviction or sentence has been invalidated.[1] *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended this ruling to include § 1983 suits for damages "challenging the loss of good time credits in prison disciplinary actions (when the fact or duration of confinement was implicated)" even if the plaintiff did not seek a restoration of good time. *DeWalt v. Carter*, 224 F.3d 607, 615 (7th Cir. 1999), *citing Edwards v. Balisok,* 520 U.S. at 648. Therefore, claims that "necessarily impl[y] the invalidity of the punishment imposed (i.e.,

---

[1] The underlying conviction or sentence is invalidated if it is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. Section 2254." *Heck v. Humphrey*, 512 U.S. at 486-487.

loss of good time credits) . . . [are] not cognizable under § 1983" until the prison disciplinary decision has been invalidated.  *Id.*  Based on the foregoing, the plaintiff's complaint must be dismissed.

**It is therefore ordered:**

**1.      Pursuant to 28 U.S.C. Section 1915A , *Heck v. Humphrey* and *DeWalt v. Carter*, the plaintiff's complaint is dismissed, without prejudice.**

**Enter this 11th day of October, 2005.**

                                   s/ Harold A. Baker
                   _____
                                  **HAROLD A. BAKER**
                         **UNITED STATES DISTRICT JUDGE**